IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDGARDO F. RIVEIRO-CALDER<br>Plaintiff<br>vs<br>COOPERATIVA DE AHORRO Y CREDITO DE AGUADILLA<br>Defendant | CIVIL 11-1702CCC |

**OPINION AND ORDER**

On August 8, 2012, plaintiff Edgardo F. Riveiro-Calder (Riveiro) filed a Motion in Limine Objecting to Reported Findings of Fact and Recommendations of Magistrate Judge to Declare Privileged and Inadmissible Sealed Document 15-1 (**docket entry 69**). Plaintiff refers to a letter dated February 14, 2011 sent by attorney Luis A. López-López to Mr. Neftalí Méndez-Pérez, Executive director of the Cooperativa de Ahorro y Crédito de Aguadilla, the sole defendant in this case. This letter has also been filed as docket entry 41-5. The contents of this letter is a reply to a legal inquiry made to corporate counsel which is summarized by the letter as follows:

> Can the Cooperativa validly dismiss a managerial employee that took a personal loan with the Cooperativa and several months later requested the protection of the Federal Bankruptcy Act eventually achieving a discharge of the debt which he had with his employer, the Cooperativa, and failed to comply with the commitment to pay said debt, despite the petition for bankruptcy?

Docket entry 15-1. The letter was first faxed and later sent by regular mail inside an envelope stamped "Personal and Confidential" which was deposited in the mail on February 15, 2011.

The procedural backdrop of the Order of U.S. Magistrate Judge Silvia Carreño-Coll is the following: defendant filed a Motion in Limine supported by a memorandum (docket entries 14 and 15) alleging the inadmissibility of this letter, part of plaintiff's initial disclosures, on the basis that it constituted "an unwaived privileged communication under

CIVIL 11-1702CCC                                                 2

the attorney-client privilege." Docket entry 14, at ¶ 2. Plaintiff filed an opposition (docket entry 22), which was followed by a reply (docket entry 27) and sur-reply (docket entry 28). A supplemental memorandum in opposition (docket entry 34) was filed on March 7, 2012, which was followed by defendant's reply on March 19, 2012 (docket entry 41). The in limine motion was referred to the Magistrate Judge for disposition.

The Magistrate Judge issued a Memorandum and Order on March 27, 2012 (docket entry 49) on the Motion in Limine (docket entry 14) which had been referred to her. The Order includes two determinations: that the February 14, 2011 letter is a privileged attorney-client communication and that defendant did not waive the privilege. Magistrate Judge Carreño refers to the plaintiff's declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 as a "self-signed unsworn declaration." This unsworn declaration, subscribed by plaintiff, complies with the requirements of 28 U.S.C. § 1746 which provides that such unsworn declarations under penalty of perjury support the matters contained therein with like force or effect as an affidavit. Referring to the unsworn declaration of defendant's President regarding employees' duties of confidentiality, the Magistrate Judge concluded that

> The document itself, a communication from the credit union's attorney addressed to its president, was plainly confidential, and Plaintiff, as an employee, had a duty to keep it so. [Citation omitted.] Indeed, the letter never apparently left the credit union until it was removed by Plaintiff himself. We therefore find that neither the mistaken delivery nor Plaintiff's determination that the letter was written about him constitutes waiver of the Defendant's attorney-client privilege.

Memorandum and Order (docket entry 49), at p. 3.

This brings us to the plaintiff's objections to the Magistrate Judge's Order (docket entry 69). Plaintiff, at pp. 10-12, addresses the situations which he claims were not taken into account by the Magistrate Judge, to wit: accessibility of the fax machine to all sorts of employees at the Cooperativa and the failure to take adequate precautions to "prevent privileged faxes from being inadvertently seen or received . . . at a machine commonly used to process direct deposits and clearing transactions." Plaintiff also adds that defendant was

CIVIL 11-1702CCC                                   3

sloppy in protecting the attorney-client communication for the fax letter had no warning that it was a confidential communication, unlike its delivery by mail in which it was placed in an envelope stamped "personal and confidential."  Additionally, it contends that there is no evidence that the Cooperative or its President warned the attorney consulted not to send confidential communications via a fax which was freely accessible to employees.  In sum, plaintiff's position is that the defendant failed to protect the confidentiality of the document that it knew contained sensitive information requested by it as part of a legal consult to attorney López-López and, thereby, waived the attorney-client privilege.

Plaintiff challenges the Magistrate Judge's findings of fact as clearly erroneous.  At page 4 of his objections, he argues that his unsworn declaration under penalty of perjury made pursuant to 28 U.S.C. § 1746 which, pursuant to said statute, has the force and effect of an affidavit if made in compliance with its provisions, was dismissed by the Magistrate Judge as a "self-signed unsworn declaration" where plaintiff presented "his story."  As stated before, plaintiff also bases the clearly erroneous challenge to the Magistrate Judge's Order and the absence of findings regarding the location of the fax machine and the failure of defendant to take reasonable precautions to prevent the inadequate disclosure of the privileged document.

Defendants' opposition was filed on August 22, 2012 (docket entry 74).  The timeliness issue raised by defendant lacks merit since during the pretrial conference held on July 24, 2012 the Court specifically ruled that pursuant to 28 U.S.C. § 636(b)(1)(A) it would reconsider the Magistrate Judge's Order on the non-dispositive matter of the privileged communications issue raised by defendant in docket entry 15 to determine whether such Order was "clearly erroneous or contrary to law."  See Minutes of July 24, 2012 (docket entry 68).  It allowed the parties to discuss the waiver issue regarding the February 14, 2011 letter in simultaneous motions to be filed on or before August 10, 2012, to be followed by simultaneous replies on this specific evidentiary issue by August 22, 2012.  Therefore, it is within the analysis set forth in the in limine motions due August 10, 2012 that

CIVIL 11-1702CCC                                                4

the Court will make its determination, on reconsideration, whether the Magistrate Judge's Order (docket entry 49) should be vacated as clearly erroneous or contrary to law. We now address defendant's argument that it did not waive the attorney-client privilege found at subsection B of its opposition to plaintiff's Motion in Limine, pages 4-8.

Defendant contends that "it did not have control of the means by which its counsel sent the communications and the act of defendant's attorney cannot serve as a waiver of the privilege since only the client can waive it." Id., at p. 8. Other arguments raised by defendant such as that interns were not used to deliver documents to different departments or that plaintiff disseminated the letter to others, specifically to his counsel after termination, are irrelevant to the issue of waiver. Also irrelevant is whether defendant intentionally waived the attorney-client privilege for the waiver claimed is based on inadvertent disclosure. The fact that the attorney-client privilege is highly valued and that the letter was a privileged communication have nothing to do with the only issue which is determinative in this case: waiver by defendant of the confidentiality of the letter sent by his counsel giving defendant advice on the legality of terminating a managerial employee of defendant who obtained a personal loan from the Cooperativa and months later the employee/debtor became bankrupt under the Bankruptcy Act and was granted a discharge under the Bankruptcy Act of such debt. Although valued, the Court of appeals has warned that "[t]he privilege is not limitless, . . . and 'courts must take care to apply only to the extent necessary to achieve its underlying goals.'" Lluberes v. Uncommon Productions, LLC, 663 F.3d 6, 23-24 (1st Cir. 2011) (quoting In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 22 (1st Cir. 2003)).

We have carefully examined the waiver determination made by the Magistrate Judge. That determination is anchored on only one finding: that plaintiff as an employee had a duty to keep confidential the letter from the attorney to defendant's President. This approach diverts the inquiry on the existence of the waiver from the privilege holder, i.e. defendant, to the recipient of an inadvertent disclosure. In order to properly focus on the waiver issue,

CIVIL 11-1702CCC                             5

one must address two essential matters: (1) the circumstances of the disclosure and (2) what reasonable precautionary measures were taken by defendant to protect the confidentiality of the document. As observed by the Court in Lluberes, 663 F.3d at p. 24, "[t]he party invoking the privilege must show both that it applies and that it has not been waived." And, in Texaco Puerto Rico v. Department of Consumer Aff., 60 F.3d 867, 883 (1st Cir. 1993), "[i]t is apodictic that inadvertent disclosures may work a waiver of the attorney-client privilege." Given that these matters are guided by fact-specific analysis, we turn to the two basic circumstances mentioned before: the location of the fax machine and the course of conduct relevant to actions that could have been taken to avoid the inadvertent disclosure which would strip the attorney client communication of its confidentiality.

Courts have focused on whether reasonable precautions were taken to avoid inadvertent disclosure of privileged information following a fault-based view. Factors considered in determining whether a waiver occurred are (1) the reasonableness of precautions taken to prevent disclosure of privileged materials, (2) time taken to rectify the error, (3) the scope of discovery if the situation involves massive production of documents which would render disclosure more excusable, (4) the extent of the disclosure of privileged information and (5) considerations of fairness. Sloppy or inattentive work by an attorney resulting in a mistaken disclosure will result in forfeiture of the privilege. S.E.C. v. Cassano, 189 F.R.D. 83 (S.D.N.Y. 1999). It is a general principle that the carelessness or negligence of an attorney is imputable to the client under the agency theory.

There are, however, circumstances surrounding defendant's own conduct which indicate that it did not act to effectively protect the confidentiality of the letter in which it received legal advice requested by it. The unsworn declarations under penalty of perjury submitted by defendant itself, particularly that of Evelyn Roldán, Executive Secretary (docket entry 41-2), who has worked at the Cooperativa for 28 years and who handles communications received by defendant's President Neftalí Méndez, stated at ¶¶ 9, 11 and 12 that the letter from attorney López-López was received by fax on February 14, 2011,

CIVIL 11-1702CCC                                    6

that she delivered the fax communication to Mr. Méndez, and that "the fax sent to Mr. Neftalí Méndez was received in a fax machine that was situated right next to my desk and Méndez' office." Paragraphs 13 and 14 of her statements are important for they establish the use of this machine by company employees for diverse purposes.

>    13.    The employees of the Department of System Information would use said fax machine to receive the deposits in the morning.

>    14.    It is my recollection that Mr. Edgardo Riveiro was the one who picked up the deposits in the morning. The deposits that were received in the fax machine right next to my desk.

Docket entry 41-2, p. 2.

It is important to note that the employees identified by her as users of the fax machine worked under the supervision of plaintiff Riveiro since it has not been disputed that Mr. Riveiro was Information Systems Manager at the Cooperativa during the relevant time period. As can be inferred from the Executive Secretary's declaration, these employees had unrestricted access to the fax machine which was next to her desk. It is irrelevant if the person who left the attorney's letter at plaintiff's desk was an intern or an employee under plaintiff's supervision. The fact remains that the privileged communication went from the fax machine to his desk, and that there is no evidence that plaintiff invaded any private space to obtain it. It is undisputed that attorney López-López faxed that letter on February 14, 2011 to the only fax machine identified by defendant's own declarants to which the Information Systems employees had ready access.

This takes us to defendant's obligations to protect the confidentiality of its privileged communications. We have already pointed out that shifting blame to his counsel will not do for it is bound by the actions taken by the attorney in the exercise of its representation. Beyond this, however, lies the defendant's own conduct which points to carelessness in protecting the confidentiality of the information it received, particularly that concerned with the possible termination of one of its own employees who had obtained the discharge of a debt stemming from a personal loan obtained from its employer, the defendant.

CIVIL 11-1702CCC                                    7

Notwithstanding that its President had given past instructions to the corporate counsel to communicate by regular mail or that it was unusual to receive fax communications from counsel (see ¶ 3 of Méndez' declaration and ¶ 18 of Roldán's declaration), Mr. Méndez had solicited legal advice on a very sensitive matter concerning the termination of a managerial employee. Given the other information provided by him to counsel regarding the employee's status as a bankrupt and the discharge of the employer's debt with the company, these all pointed to a particular individual, plaintiff Riveiro. Riveiro was the manager of the Information Systems Department which was precisely the division which employed those individuals who had unrestrained and frequent access to the fax machine where the letter was received. Given these peculiar circumstances, in which the attorney's reply involved a company employee, defendant and its President should have prevented the inadvertent disclosure by giving specific instructions to the attorney not to send the response via fax to the office. The fact that it was the attorney who faxed the letter does not relieve defendant and its President from taking this reasonable precautionary measure. The defendant is the holder of the privilege and is also the one that knows the physical surroundings and the risks of unintentional or mistaken disclosure by receiving sensitive privileged information about the discharge of one of its employees by means of a fax machine which is available to many, not just the President, the Executive Secretary, and their inner circle. It was incumbent upon him to warn the attorney in this particular instance instead of relying on so called instructions given in the past as to the use of the mails.

Considering the above circumstances, the Court finds that the no-waiver determination made by the Magistrate-Judge is clearly erroneous for it is not supported by evidence. The evidence is contrary to such a conclusion. Accordingly, plaintiff's Motion in Limine (**docket entry 69**) is GRANTED, the Memorandum and Order of the Magistrate Judge (**docket entry 49**) is VACATED, and defendant's Motion in Limine (**docket entry 14**)

CIVIL 11-1702CCC                                    8

is DENIED.  Consequently, the February 14, 2011 letter sent by corporate counsel Luis López-López to defendant's President Neftalí Méndez is found to be admissible as trial evidence.

    SO ORDERED.

    At San Juan, Puerto Rico, on February 8, 2013.


                                              S/CARMEN CONSUELO CEREZO
                                              United States District Judge